Good morning. Call the docket today for Thursday, November 17, 2011. First case on the agenda is Agenda Number 8, Case Number 111746, People of the State of Illinois v. L. Ron Cathey. Counsel for the appellant. Thank you, Counsel. And may it please the Court, my name is David Holland. I'm here on behalf of the appellant, Mr. L. Ron Cathey. Mr. Cathey has made a pro se allegation that his appellate counsel was ineffective for not arguing that Cathey was prejudiced by the judge's untimely ruling on Cathey's Montgomery motion. As such, the standard here today is whether there is an arguable basis for Cathey's pro se allegation. I'd like to point out right off the bat that the state is not contesting the prejudice prong of Strickland. That is, if Cathey's counsel had raised this issue, Cathey's trial would have been reviewed in light of this court's decision in Patrick, and Cathey would have received a new trial. As such, that issue today is the first prong of Strickland. That is, is it arguable that a reasonable attorney would have raised this issue on Cathey's behalf? The answer to that question is yes. I'd like to start with probably the most egregious failure on this counsel's behalf, the omission that falls the farthest outside of the prevailing norms for an Illinois appellate attorney, and that is that this court had actually announced that it had taken leave to appeal in Phillips and Patrick. This issue was actually pending before this court, and counsel never attempted to raise this issue, even though Cathey's direct appeal pended for another seven months after this court announced that it was going to be taking this issue. Now, this case is particularly compelling because this attorney represented Cathey both at trial and through the direct appeal in the appellate court and this court. And at trial, this counsel practically begged the judge for a ruling prior to trial on the Montgomery motion. And then when the judge ultimately ruled on that motion after Cathey had testified, this counsel actually explained the prejudice that Cathey had endured by having the ruling be delayed. So essentially this counsel could have taken the argument that he made in the trial court and brought it to the appellate court and this court. Now, this omission is glaring because this issue was so frequently litigated in the appellate court and in this court. I know that this court is well aware of the history of this issue, but briefly there were published decisions on this issue. There was a split in the appellate court on this issue. The Chicago Daily Law Bulletin had written an article about this issue, and that was a local paper for this counsel. And most critically, this court had announced that it was taking leave to appeal on this very issue. And at no point in the nearly two years that this counsel represented Cathey on direct appeal did he raise this issue. It is at least arguable that a reasonable attorney would not let his client's conviction become final without having this trial reviewed in light of this court's decision in Patrick, where this attorney was obviously so cognizant of the issue at trial. I'd like to note that there's a line of argument in the state's briefing that I take exception with, and that is that the state is intent on having this court ignore all these developments in the law that occurred during the pendency of Cathey's direct appeal. And the state is essentially arguing this court should only look to the state of the law at the time of the filing of the opening brief. But the state doesn't cite any law, any authority whatsoever for the proposition that the constitutional guarantee of effective assistance of appellate counsel simply disappears after counsel has filed his opening brief. That's simply not true. In my opening brief and my reply brief, particularly on pages four through seven of the reply, I've pointed this court to examples of where attorneys have raised issues in the latter stages of their appeal, be it in the context of Apprendi or Batson or where counsel simply missed an issue. But the principle behind those cases is that not only is it appropriate to raise issues in the latter stages of the appeal if you missed it the first time around, but you can actually be found ineffective for not doing so, especially where the issue is so obvious during the pendency of the direct appeal. But again, the standard today is not nearly so high. Cathy only has to set forth that there's an arguable basis that counsel should have raised this issue. There's no question that the issue is what counsel would have known at the time. At the time this was briefed and argued. Absolutely. Absolutely. You're not expecting him to have 20-20 hindsight. Absolutely. Or foresight. Absolutely. And counsel didn't need foresight on this issue. One, where he was cognizant of the issue at trial, but critically, he didn't have to see foresight because this issue was actually in this court during the pendency of Cathy's direct appeal. Cathy's direct appeal pended for months after this court had announced that it was going to be deciding this delayed Montgomery ruling issue. Was the briefing schedule complete by that time, or do you know? Cathy's counsel had filed his petition for leave to appeal, I think it was right before this court announced that it was taking leave to appeal in Phillips and Patrick. And then that petition for leave to appeal pended for, I think, five more months after this court announced that it was taking a leave to appeal on this issue. I think a critical fact in this timeline is that actually the appellate court had decided the Phillips case prior to the appellate court deciding Cathy's case. So I think it is at least arguable that a reasonable attorney would be up to date on the law on this issue, especially where this appeal pended for so long. I mean, this isn't that counsel had to be on top of it the next day. Essentially, this direct appeal pended for 22 months, and there were numerous opportunities anywhere along the line to have raised that issue. I think at minimum it's arguable that this appellate attorney should have raised this issue. I think all these Strickland factors seem to come back to one question, and that is why didn't counsel raise this issue? And because we don't know the answer to that question, I think it shows that this petition is worthy of being advanced to the second stage of the Post-Conviction Hearing Act. And the state in its brief argues that this was actually an appellate strategic choice to not have raised this issue, but the state doesn't know if that's true or not. It's possible that appellate counsel made a strategic choice not to raise this issue. I think it's unlikely. I think it's also possible and more likely that appellate counsel simply missed the boat on this issue. But either way, the latter stages of the Post-Conviction Hearing Act are designed to answer these questions that are necessarily collateral, that are necessarily outside the record. Cathy's pro se allegation that his appellate counsel should have raised a meritorious issue is not frivolous. Did Patrick announce a new rule of law, or was it merely more of a clarification? I'm arguing that it is a clarification, that it is not a new rule. But I want to impress upon this Court that my client's claim of ineffective assistance of counsel is in no way contingent on the retroactivity of Patrick. The portion of the appellate court decision that I'm most intent on appealing to this Court is that the appellate court never applied Strickland to my client's claim. As this Court is aware, the lower court here held that Patrick is not going to apply retroactively. But then in one sentence, the appellate court also held, because Patrick doesn't apply retroactively, therefore counsel can't be ineffective. But that's not a correct statement of law, and it simply fails to apply Strickland, which is mandatory. This is a minimum guarantee of constitutional effective assistance of counsel. But when a reviewing court applies Strickland to my client's claim, it is certainly at least arguable that appellate counsel performed efficiently in this case. What about harmless error? This was not a harmless error. Where would that apply? If this Court were to apply harmless error analysis, this was absolutely not harmless. The prejudice in this case is manifest, and this case is nearly identical to Patrick, and I would argue that the prejudice here is greater. What about Everett and Mullins, then? This case fits prejudice both under Patrick, Everett, and Mullins. This is a situation where Cathy's decision whether or not to testify was critical, but it was also not fully required. I mean, Cathy also had a defense witness, Mr. James Johnson, who testified that as he was on his porch that evening with his family, he saw two people struggling, then he heard a gunshot and moved inside. And in terms of the prejudice and the delay here, Mr. Patrick was impeached with a prior conviction for possession of a controlled substance. In this case, Mr. Cathy was impeached with his prior conviction identical to the charged offense. So I think the prejudice here is at its greatest. But, again, the standard is significantly lower today. There only has to be an arguable basis that if appellate counsel had raised this issue, there's a reasonable probability it would be meritorious. I would feel comfortable arguing that this issue is absolutely meritorious, but, again, the standard is significantly lower for this pro se petition. If there are no further questions, I'll reserve for rebuttal. Thank you. Thank you, counsel. Counsel. Counsel for the appellee. May it please the court. Counsel, my name is Matthew Connors and I represent the people of the state of Illinois. This court should determine that the circuit court properly and summarily dismissed the pro se post-conviction petition because it did fail to state the gist of a claim of ineffective assistance of appellate counsel. An issue here is whether the rule articulated by this court in People v. Patrick and Phillips on the 23rd of January 2009 is applicable to Petitioner at the time of his direct appeal on the 26th of December 2007. We're talking about a one-year gap. The argument raised by Petitioner is reliant upon a hindsight analysis where Petitioner is able to look at the subsequent development of the law and argue that based upon those subsequent developments, his attorney rendered ineffective assistance of counsel for failing to predict how the law would evolve. At the time briefing began in this case, Petitioner could point to no published decision where there had ever been reversible error based upon a delayed Montgomery ruling. Indeed, the only case relied upon by Petitioner is a Fourth District case, People v. Ballard, where that court indicated that it was not reversible error for a court to rule upon a delayed Montgomery motion later in the trial. In fact, even in Patrick and Phillips, this court stated that nothing in Montgomery indicated the time when a circuit court should rule on a pretrial Montgomery motion. I thought the State had pretty well conceded that the appellate court erred with respect to its race to the cotta holding. No, in this case, Justice, you're referring to the prejudice prong of the Strickland analysis? No, it is not the people's position that they've conceded anything here. The argument advanced by the people recognizes that Petitioner has to demonstrate both prongs of the Strickland burden. And in this case, the first prong it fails at is against the objective standard of the attorney's conduct. A discussion of prejudice would demonstrate that this case falls fall afoul of all of the Patrick and Phillips cases that this court has recently ruled upon. Patrick and Phillips, Averitt and Tucker, indeed Mullins all discussed cases where there was a blanket policy of deferring ruling on a case. Here, we have the circuit court engaged in a four-page colloquy about its ruling, citing People v. McKibbin and discussing the various interests that it found before it. Brian Finley, who was going to be one of the people's witnesses, had two convictions which he was impeached by. And defense counsel filed a pretrial motion indicating this was going to be a self-defense claim, which necessitated the defendant's testimony, and that he was seeking to limit the number of convictions his client was going to be impeached with. So here we have a unique circumstance where before trial, defense counsel knew his client had to testify to further his self-defense claim. He knew that those convictions were likely to be admissible. He was seeking to limit the number of convictions that would be admissible. And the circuit court had to gauge in an analysis of all of that evidence. Indeed, in Patrick and Phillips, this court specifically held that there may be cases where a circuit court's delayed Montgomery ruling might be proper. This is one of those cases where the circuit court actively engaged in analysis of the evidence before it ruled. Even in the motion for a new trial that was filed by Petitioner's Direct Appeal Counsel, the circuit court indicated, I needed more information. I needed to hear. Would that be part of a first-stage analysis, what you're talking about now? The first-stage analysis in this case would be under the prejudice prong of Strickland. As was posed to my opponent, where discussion of harmless error or prejudice at all, this would be a part of that analysis. Is it true that months prior to the end of defendant's direct appeal, this court announced that it would resolve the split on the issue? The delayed ruling issue? The appellate court decision took place three weeks before the original direct appeal was published. At that point in time, you had a split of authority. Petitioner's Direct Appeal Counsel then filed his petition for leave to appeal to this court, primarily focused on the Montgomery issue itself. During the pendency of the PLA itself, after it had been filed, this court did take the petitions in Patrick and Phillips, indicating that it would address the issue. So is it your position that an attorney is not ineffective based on that issue about to be decided by the Supreme Court? I mean, is it your position the attorney doesn't have to have knowledge of that, that we're about to decide the issue? It is the people's position in this case that any attempt to gauge the attorney's conduct, relying upon a hindsight analysis of what was to come, is strictly prohibited by Strickland. In Strickland analysis, all questions must be gauged without the distorting effect of hindsight. So at the time that briefing began in this case, it is clear no court had ever held this to be reversible error. So then the question becomes, at the time of the extraordinary remedy that petitioner is now seeking to this court, be it an amended petition for leave to appeal or some other process, whether at that point in time there would have been an error. In this case, it's simply not borne out because this court did not speak with finality on that issue until January 23, 2009. So it wasn't until that date. Practicalities here are the likelihood of what if they did raise, if the attorney did raise it in a reply brief, a request for supplemental briefing or what have you, pending how the appellate court would have ruled. It's the likelihood of what if they did raise it in a reply brief, a request for supplemental briefing or what have you, pending how the appellate court would have ruled. And so, you know, PLA would have been filed in this court by either the state or by the defendant, and most likely would have been held for Phillips. That is one set of circumstances. But the problem with this speculation is that the court would then be forced to guess what exactly would have happened. There was a three-week distinction between the time of the appellate court's publication and the ruling of this court. So this court's analysis would then hinge upon what occurred in that three-week window. To require every appellate attorney in this case to plead every conceivable issue, again, this falls far afoul from the Strickland standard, which says that great deference is due to an appellate attorney's estimation and review of a case. It's a question better reserved for Mr. Holland, but I think there were other cases in the pipeline that did exactly that, right? Yes, there are other cases, but again, the people's position is clear. Merely because other attorneys in the state of Illinois have chosen to make an argument does not necessarily establish that this attorney here is ineffective. And the reason that this distinction is crucial is because we're engaged in an objective measure of that attorney's conduct. And in this case, an objective measure is demonstrated by the fact that the defense attorney made clear at trial, in his post-trial motion, on direct appeal, and in the PLA, that the primarily concern was to not contest a delayed Montgomery ruling, but was instead to contest whether or not the aggravated battery of the firearm conviction would be unduly prejudicial. Because other attorneys in this state chose to focus, in their cases, upon an ineffective assistance of counsel claim, based upon a delayed Montgomery ruling, based upon different facts, based upon what became the Patrick and Phillips logic, does not demonstrate that any attorney who failed to do so is objectively unreasonable. Would the second Teague exception apply, because it's defendant's fundamental right to testify, and that is the issue here? No. In the second Teague analysis, one would look at the opinion in Averitt and Tucker, where this Court has already indicated that it does not impact upon that fundamental right. The Averitt and Tucker decision actually laid forth a number of distinctions and said it does not impact upon that fundamental right. It does not violate any of those rights. And indeed, the Montgomery decision does not indicate that it would be anything near that magnitude to have a delayed Montgomery ruling. Patrick and Phillips made clear that this was a new decision, that it was for the first time giving the circuit court a new obligation to ensure that in those circumstances where a pretrial Montgomery motion was made, and the circuit court could review the new rule, that the circuit court could review the new rule. Yes. It is very much so that people's proposition that a new rule exists based upon the fact that this Court indicated that Montgomery does not speak to this issue, and that only after this Court spoke in Patrick and Phillips that a new requirement was opposed upon by the circuit court. To the same point, the circuit court could have now imposed an additional burden upon the circuit court, and the cases that they were relying upon were in fact new laws, and that's exactly what has occurred here. If there are no further questions, the people ask this Court to affirm the judgment of the appellate court and the summary dismissal of the pro se post-conviction petition. Thank you, Counsel. Mr. Holland. My opposing counsel is arguing that Cathy had to testify in this case. That's a misapprehension of the record. The cold transcripts in this case show that counsel actually explained to the judge that if this Montgomery motion allows my client's prior conviction that's identical to the charge of offense to come in, I'm going to advise him not to testify. And then when the judge deferred his ruling, he said, well, I want to hear if you're going to impeach the state's witnesses. That's not part of the Montgomery balancing test. And then when the judge ultimately ruled on the motion, counsel then explained, well, Your Honor, I held back on impeaching the state's witness in the hopes that it would help me win this motion. I mean, the prejudice here is extreme. And, Justice Thomas, you noted at the time of the opening brief, there were published cases on this issue. Seven other states had found there to be an abuse of discretion in delaying the ruling. But I want to stress that even if there was no law on this issue, it was absolutely viable because it was an open question. This court had yet to speak on the issue. And, again, this counsel represented Cathy for two years. And during the pendency of Cathy's direct appeal, this issue was so frequently litigated. Cathy's direct appeal was right in the wheelhouse of when this issue was in the appellate court, and when the issue was making its way to this court. And I think, essentially, Cathy's case should have been one of the tens of cases that were held in abeyance pending the issuance of the Patrick decision. But, again, the standard here is extremely low. Today, there only has to be an arguable basis that Cathy was prejudiced, and there only has to be an arguable basis that appellate counsel should have raised this issue. So Cathy's pro se allegation is not frivolous. Thank you, Your Honors. Thank you, Mr. Holland. Case number 111746, People v. Cathy, is taken under advisement as agenda number 8. I thank both counsel for your arguments today.